**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110714

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeroleum A. Biggs, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc. and Midland Funding, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Jeroleum A. Biggs, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. and Midland Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.     Plaintiff Jeroleum A. Biggs is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

8.     On information and belief, Defendant Midland Funding, LLC, is a California Limited Liability Company with a principal place of business in San Diego County, California.

9.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendants allege Plaintiff owes a debt ("the debt").

12.     The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

14.     The debt was incurred on a credit card.

15.     The credit card accrued interest.

16.     The credit card accrued late fees.

17.     Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

18.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the letter") dated January 22, 2016. (**"Exhibit 1."**)

19.     The letter was the initial communication Plaintiff received from Defendants.

20.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violations of 15 U.S.C. § 1692g(a)(3)
### Validation of Debts

21.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23.     15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

24.     There is no requirement that the consumer dispute the debt in writing.

25.     It is a violation of FDCPA to require disputes be made in writing.

26.     It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

27.     It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

28.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

29.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

30.     It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

31.     The letter states, on the back thereof, "All communication regarding this account should be addressed to MCM and not the previous owner."

32.     The letter states, on the back thereof, in bold type-face, "**Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to:** 2365 Northside Drive, Suite 300, San Diego, CA 92108; Attn: Consumer

Support Services." (Emphasis in original.)

33.    The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

34.    The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

35.    The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

36.    The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

37.    The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

38.    Defendants' conduct, as set forth above, violates § 1692g(a)(3).

## SECOND COUNT
## Violations of 15 U.S.C. § 1692g
## Validation of Debts

39.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40.    A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

41.    Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

42.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

43.    The letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

44.    The letter overshadows the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

other than in writing.

    45.    Defendants' conduct violates 15 U.S.C. § 1692g.

## THIRD COUNT
### Violations of 15 U.S.C. § 1692e
### False or Misleading Representations

    46.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

    47.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    48.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

    49.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

    50.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

    51.    Because the letter is reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debts by something other than in writing, it is deceptive within the meaning of the FDCPA.

    52.    The least sophisticated consumer would likely be deceived by Defendants' conduct.

    53.    The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

    54.    The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debts.

    55.    Defendants' conduct violates 15 U.S.C. § 1692e.

## FOURTH COUNT
### Violations of 15 U.S.C. § 1692g
### Validation of Debts

    56.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

    57.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

58.     The written notice must contain the amount of the debt.

59.     The written notice must contain the name of the creditor to whom the debt is owed.

60.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

61.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

62.     The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

64.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

65.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

66.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

67.     The letter states, in type-face larger than any other print on the page, "**PRE-LEGAL REVIEW**." (Emphasis in original.)

68.     The letter states, "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation."

69.     Defendants' conduct would likely make the least sophisticated consumer fear she

would be sued.

70.    Defendants' conduct would likely make the least sophisticated consumer forego her validation rights for fear of being sued.

71.    Defendants' conduct would likely make the least sophisticated consumer feel threatened.

72.    Defendants' conduct would likely make the least sophisticated consumer feel intimidated.

73.    Defendants' conduct overshadows Plaintiff's validation rights.

74.    Defendants' conduct was purposeful and intentional.

75.    Defendants' conduct would likely make the least sophisticated consumer uncertain as to her rights.

76.    Defendants' conduct would likely make the least sophisticated consumer confused as to her rights.

77.    Defendants violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## FIFTH COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

78.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

80.    One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

81.    A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

82.    The letter sets forth a "Current Balance."

83.    The letter fails to disclose whether the "Current Balance" may increase due to additional interest.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

84.     The letter fails to disclose whether the "Current Balance" may increase due to additional late fees.

85.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

86.     The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

87.     The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

88.     The least sophisticated consumercould reasonably believe that the debt could be satisfied by remitting the "Current Balance" at any time after receipt of the letter.

89.     The least sophisticated consumercould also reasonably believe that the "Current Balance" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

90.     If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

91.     If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

92.     For these reasons, Defendants failed to clearly state the amount of the debt.

93.     For these reasons, Defendants failed to unambiguously state the amount of the debt.

94.     For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

95.     For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

96.     Defendants violated § 1692g as they failed to clearly, explicitly and unambiguously convey the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

97.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

98.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

99.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

100.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

101.   A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

102.   A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

103.   15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

104.   As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the "Current Balance" was static.

105.   As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Current Balance" was dynamic due to the continued accumulation of interest and/or late fees.

106.   Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

107.   Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

108.   Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

## CLASS ALLEGATIONS

109.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

110.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

111.    Defendants regularly engage in debt collection, using the same unlawful conduct described herein, in their attempts to collect delinquent consumer debts from other persons.

112.    The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

113.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

114.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

115.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

116.   Plaintiff hereby demands a trial of this action by jury.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

      a.  Certify this action as a class action; and

      b.  Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

      c.  Find that Defendants' actions violate the FDCPA; and

      d.  Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

      e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      f.  Grant Plaintiff's costs; together with

      g.  Such other relief that the Court determines is just and proper.

DATED: January 18, 2017

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 110714

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530